# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:18-cv-00504 ) CHIEF JUDGE CRENSHAW ) |
| JOSEPH GRUCCI, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is a Report and Recommendation (Doc. No. 23) in which the Magistrate Judge concludes that the Court should grant Plaintiff's Motion for Default Judgment (Doc. No. 18) in part. No objections have been filed.

Although he has been served, Defendant has never participated in this case. In January 2019, Plaintiff filed an improper combined motion for default and default judgment that was also missing the required certification under the Servicemembers Civil Relief Act. (Doc. No. 15.) The Magistrate Judge instructed Plaintiff to file separate motions with the necessary certification. (Doc. No. 16.) He further instructed Plaintiff that if "any costs or other fees are requested they should be set out in the motion." (Id.) Plaintiff thereafter filed two motions. (Doc. Nos. 17; 18.) The Clerk entered default under Federal Rule of Civil Procedure 55(a), but she appropriately referred consideration of the request under Rule 55(b) to the Magistrate Judge because it sought relief that was not a "sum certain." (Doc. No. 22.)

Because Defendant has not bothered to respond to the Motion for Default under Rule 55(b), the Court is entitled to deem it unopposed. Local Rule 7.01(a)(3). Accordingly, the Magistrate Judge properly took as accurate Plaintiff's allegations that (1) Defendant made material false

representations in obtaining a term life insurance policy from Plaintiff; (2) upon discovery of this fact, Plaintiff sent a Notice of Rescission and refunded Defendant all premiums paid under the policy; and (3) Defendant has negotiated the refund check but has not returned a Rescission Agreement. The Court has reviewed this matter and concurs with the Magistrate Judge that Plaintiff is therefore entitled to the requested declaratory judgment that the policy at issue is void *ab initio*.

As to attorney's fees and costs, Plaintiff has "reserve[d] its right to seeks attorney's fees and expenses." (Doc. No. 18 at 3.) The Magistrate Judge was dissatisfied with this statement, noting that Plaintiff "did not as instructed file a breakdown of his attorney fees with the motion for default judgment." (Doc. No. 23.) The Magistrate Judge presciently observed that "[t]his is a simple case and attorney's fees should have been minimal had proper procedure been followed with the original motions and the pending motion." (Id.) He noted that Plaintiff "provided no memorandum of law justifying attorney fees in what is at heart a contract case." (Id.) The Magistrate Judge therefore recommended denying attorney's fees but allowing for a future award of costs upon application based on Plaintiff's status as a prevailing party. The Court, however, finds that – despite the failure to follow the Magistrate Judge's instructions or object to the Report and Recommendation – to preclude Plaintiff from filing a motion for attorney's fees would be somewhat at odds with Federal Rule of Civil Procedure 54(d) and Local Rule 54.01(b). Accordingly, the Court will not preclude Plaintiff from making such a motion within the time allowed. Plaintiff is forewarned, however, that any such motion must *strictly comply* with the requirements of Local Rule 54.01(c).[1]

---

[1] If there is a basis for departure from the American Rule in this case, Plaintiff should bear in mind the Magistrate Judge's admonitions about the amount of fees that are appropriate in this case.

Accordingly, the Report and Recommendation (Doc. No. 23) is **APPROVED AND ADOPTED IN PART**. Plaintiff's Motion for Default Judgment (Doc. No. 18) is **GRANTED**.[2] Policy Number YME1940199 at issue in this litigation is declared void *ab initio*. This is a final order. The Clerk shall issue judgment according to the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The previous Motion for Default Judgment (Doc. No. 15) is **DENIED AS MOOT**.